IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON,                  :
                                    :
          Plaintiff,                :
                                    :
     v.                             : Civil Action No. 08-196-JJF
                                    :
OFFICER BINGNEAR, SUPERVISOR        :
OFFICER RUBEN MARTINEZ,             :
OFFICER DEBORAH PROVENZA,           :
STATE OF DELAWARE, and NEW          :
CASTLE COUNTY POLICE                :
DEPARTMENT,                         :
                                    :
          Defendants.               :
_____

Ronald G. Johnson, <u>Pro</u> <u>se</u> Plaintiff.  Wilmington, Delaware.

_____

<u>**MEMORANDUM OPINION**</u>

July     , 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Ronald G. Johnson ("Plaintiff"), a former inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears _pro se_ and was granted _in forma pauperis_ status pursuant to 28 U.S.C. § 1915. (D.I. 6)

For the reasons discussed below, the Court will dismiss the claims against the State of Delaware as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and will allow Plaintiff to proceed against the remaining Defendants.

**I.  STANDARD OF REVIEW**

When a litigant proceeds _in forma pauperis_, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." _Neitzke v. Williams_, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss

-1-

under Fed. R. Civ. P. 12(b)(6). <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d

-2-

Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.  Id. (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Id. at 234.  Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## II.  DISCUSSION

Plaintiff alleges Defendant police officers charged him with felonies knowing the crimes were misdemeanors to illegally incarcerate him and increase his bail, and knowing he was unable to afford the costs to keep him in jail longer.  Plaintiff alleges a lack of probable cause for arrest, false arrest, and malicious prosecution.  He also alleges that it is the practice of the New Castle County Police Department to "over charge" people by charging felonies for misdemeanor offenses, and that it

has a policy that in every domestic dispute someone must be arrested and the targets are black males. Plaintiff notified the Court on April 21, 2008, that he was no longer incarcerated. He seeks compensatory damages.

Plaintiff names the State of Delaware as one of the Defendants. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Consequently, Plaintiff's claim against the State has no arguable basis in law or in fact as it is immune from suit, and therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## III. CONCLUSION

For the reasons discussed, the claims against the State of Delaware will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from suit. Plaintiff will be allowed to proceed against the remaining Defendants. An appropriate Order will be entered.