# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON | : | |
| | : | |
| Plaintiff, | : | C.A. No. 08-196 JJF |
| v. | : | |
| | : | |
| OFFICER MICHAEL BINGNEAR, | : | |
| SUPERVISOR OFFICER RUBEN | : | |
| MARTINEZ, OFFICER DEBORARH | : | |
| PROVENZA, and NEW CASTLE | : | |
| COUNTY POLICE DEPARTMENT, | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS BINGNEAR, MARTINEZ, PROVENZA AND NEW CASTLE COUNTY POLICE DEPARTMENT

Defendants Michael Bingnear, Ruben Martinez, Deborah Provenza and New Castle County Police Department ("Answering Defendants") Answer the Complaint and admit, deny, and allege as follows:

1. "Cause of Action Against Officer Bingnear"

    "False Arrest Claim/Malicious Prosecution"

    (a)  Denied.

    "Concerning Charge of Bribery"

    (b)  Denied.

    "Damages"

    (c)  This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

"Concluding Damage"

(d) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

"Facts of The Case"

(e) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

"Lack of Probable Cause to Arrest"

(f) Denied.

"False Arrest Claim/Malicious Prosecution"

(g) Denied.

"Falseness of The Charges"

(h) Denied.

"The Damage"

(i) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

"Concluding"

(j) Denied.

"Constitutional Violation"

(k) Denied.

2. "Evidence Against Officer Bingnear (bg #2729)"

(a) Denied.

    3.    "Cause of Action Against Supervisor Officer Ruben Martinez"

        "False Arrest/Malicious Prosecution 42 USC 1986[sic], 42 USC 1985[sic]"

        (a)    Denied.

        "Evidence Against Officer Martinez"

        (b)    Denied.

    4.    "Issue of Law Evidence Against Both Officers, False Arrest and Malicious Prosecution"

        (a)    Denied.

    5.    "Cause of Action Against Officer Deborah Provenza (bg 2479)

        "False Arrest Claim/Malicious Prosecution"

        (a)    Denied.

        "Concerning 'Felony' Aggravated Harassment"

        (b)    Denied.

        "Damages"

        (c)    This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

        "Concluding"

        (d)    Denied.

    6.    "Facts of The Case"

        (a)    Denied.

    7.    "Concerning Charge of Offensive Touching"

        (a)    Denied.

        "Facts of Case"

  (b) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

8. "Concluding"

  (a) Denied.

9. "Concluding (Prejudice)"

  (a) Denied.

10. "Evidence Against Officer Penvenza [sic] (bg#2479)"

  (a) This allegation references an officer that is unknown to Answering Defendant. To the extent this allegation is directed toward Defendant Provenza, denied.

11. "Concluding"

(a) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

12. "Cause of Action Against State of Delaware (And) New Castle County Police Department"

  (a) Denied.

"Unconstitutional Practice"

  (b) Denied.

"Whole Damage"

  (c) This averment speaks for itself, and as such, no response is required. To the extent that any allegations of this paragraph are directed toward Answering Defendants, denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the Complaint fail to state a federal or state claim upon which relief can be granted.

### Second Affirmative Defense

The claims alleged in the complaint are barred by the doctrine of sovereign immunity. 10 *Del.C.* § 4010, *et seq.*

### Third Affirmative Defense

Plaintiff's damages, if any, under State law are limited by 10 *Del.C.* § 4013, *et seq.*

### Fourth Affirmative Defense

The Answering Defendants, in their official capacities, are immune from liability for punitive damages.

### Fifth Affirmative Defense

Answering Defendants were not negligent, reckless, willful, wanton, unlawful or malicious.

### Sixth Affirmative Defense

Any damages or injury, constitutional or otherwise, suffered by Plaintiff, to the extent actually incurred, were not caused by any conduct, action, inaction, policy or custom of Answering Defendants.

### Seventh Affirmative Defense

The actions and conduct of Answering Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances, and as such, Answering Defendants enjoy qualified immunity from all liability therefore.

### Eighth Affirmative Defense

The actions and conduct of Answering Defendants did not violate any clearly established constitutional, federal, statutory or other rights of which Answering Defendants reasonably should have been aware, and as such, Answering Defendants are entitled to qualified immunity.

### Ninth Affirmative Defense

The actions and conduct of Answering Defendants, to the extent they occurred as alleged, were undertaken in a good faith performance of official duties, without wantonness or malice, and were therefore, privileged under applicable State law.

### Tenth Affirmative Defense

Plaintiff is not entitled to the relief petitioned for in the Complaint or any other relief by virtue of the matters and admissions of the Plaintiff set forth in the Complaint.

### Eleventh Affirmative Defense

Collateral estoppel and res judicata.

### Twelfth Affirmative Defense

Any injury or damages suffered by the Plaintiff, to the extent actually incurred, were caused by reason of the Plaintiff's own wrongful and/or unlawful conduct and acts, reckless misconduct and/or negligence.

### Thirteenth Affirmative Defense

The use of force by the Answering Defendant officers was justified under constitutional and state law.

### Fourteenth Affirmative Defense

Answering Defendants' actions were based upon probable cause and were justifiable.

### Fifteenth Affirmative Defense

The New Castle County Police Department is a not a separate suable entity.

**Sixteenth Affirmative Defense**

Plaintiff assumed the risk of a known danger.

**CONCLUSION**

WHEREFORE, Answering Defendants respectfully request that this Court dismiss the Complaint with prejudice and enter judgment in favor of Defendants, and award Defendants reasonable attorneys fees and costs of suit and other such relief as the Court deems just and proper.

    /s/    *Julie M. Sebring*
Julie M. Sebring, Esq. (Id. # 2259)
Harshal Purohit-Patel, Esq. (Id. # 4593)
New Castle County Office of Law
87 Reads Way, New Castle, DE  19720
(302) 395-5130
*Attorneys for Defendants Officer Michael Bingnear, Ruben Martinez, Deborah Provenza and New Castle County Police Department*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RONALD G. JOHNSON | : | |
| | : | |
| Plaintiff, | : | C.A. No. 08-196 JJF |
| | : | |
| v. | : | |
| | : | |
| OFFICER MICHAEL BINGNEAR, | : | |
| SUPERVISOR OFFICER RUBEN | : | |
| MARTINEZ, OFFICER DEBORARH | : | |
| PROVENZA, and NEW CASTLE | : | |
| COUNTY POLICE DEPARTMENT, | : | |
| | : | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I, Julie M. Sebring, Esq., Assistant County Attorney, hereby certify that on August 20, 2008, I electronically filed the foregoing "Answer of Defendants Bingnear, Martinez, Provenza and New Castle County Police Department" with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Ronald G. Johnson
> 832 West 6th Street
> Wilmington, DE  19802

> ___/s/___ *Julie M. Sebring* ___
> Julie M. Sebring, Esq. (Id. # 2259)
> Harshal Purohit-Patel, Esq. (Id. # 4593)
> New Castle County Office of Law
> 87 Reads Way, New Castle, DE  19720
> (302) 395-5130
> *Attorneys for Defendants Officer Michael Bingnear, Ruben Martinez, Deborah Provenza and New Castle County Police Department*